UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 104.56.119.158,<br><br>　　　　　Defendant. | Case No. 21-cv-00294-SI<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. No. 7 |

Before the Court is an *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f)Conference, filed by plaintiff Strike 3 Holdings, LLC. Dkt. No. 7. For the reasons set forth below, the Court hereby **GRANTS** plaintiff's *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f)Conference.

**BACKGROUND**

Plaintiff owns and distributes adult motion pictures on websites and DVDs. Dkt. No. 1, Compl. ¶¶ 2-3. On January 12, 2021, plaintiff filed a complaint alleging that Doe Defendant with IP address 104.56.119.158 stole plaintiff's works by downloading and distributing 42 of plaintiff's adult motion pictures over an extended time period and without plaintiff's permission. *Id*. at ¶ 4.

On February 3, 2021, plaintiff filed an *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference. Dkt. No. 7. Plaintiff seeks leave to serve defendant's internet service provider, AT&T U-Verse, with a subpoena under Federal Rule of Civil Procedure 45. *Id.* at 2. The subpoena will request Doe Defendant's name and address, which will be used to pursue plaintiff's claims in the complaint. *Id.*

**LEGAL STANDARD**

Generally, formal discovery is only permitted after the parties have conferred as required by Federal Rule of Civil Procedure 26(f). However, a court may grant a request to take discovery prior to the parties' meeting under Rule 26(f) where the requesting party demonstrates "good cause." *See UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. Apr. 19, 2002). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *UMG Recordings*, 2008 WL 4104214 at *4.

To determine whether good cause justifies early discovery, courts consider whether the plaintiff has (1) "identif[ied] the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court"; (2) "identif[ied] all previous steps taken to locate the elusive defendant"; (3) "establish[ed] to the Court's satisfaction that [the suit] could withstand a motion to dismiss"; and (4) filed a request showing "a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–580 (N.D. Cal. 1999). Good cause is frequently found in cases involving claims of infringement and unfair competition. *See Semitool*, 208 F.R.D., at 276.

**DISCUSSION**

For the reasons stated below, the Court finds that plaintiff has demonstrated good cause for early discovery.

**I.   Identifying Defendant with Sufficient Specificity**

Plaintiff has identified defendant with sufficient specificity such that the Court can determine that the defendant is a real party. Plaintiff identified an IP address currently owned by defendant. Compl. ¶ 5. *See MCGIP, LLC v. Does 1-149*, No. C 11-02331 LB, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011) (finding doe defendants identified with sufficient specificity where

1  complaint listed defendants by IP addresses on day of alleged infringement). The complaint alleges
2  that plaintiff identified defendant's IP address by using Maxmind Inc.'s geolocation technology.
3  Compl. ¶ 9. On two separate occasions, the geolocation technology traced defendant's IP address to
4  a physical address within the Northern District of California. *Id.* Therefore, the Court finds that
5  Plaintiff has provided sufficient information demonstrating that doe defendant is a real person who
6  may be subject to the Court's jurisdiction. *See Strike 3 Holdings, LLC v. Doe*., No. 19-cv-232, 2019
7  WL 591460 at *2 (N.D. Cal. Feb. 13, 2019) (finding doe defendant sufficiently specified where
8  plaintiff "established 'Maxmind' geolocation technology to twice trace Defendant's IP address to a
9  physical location within this district . . . giv[ing] the Court personal jurisdiction over Defendant and
10 over Plaintiff's federal copyright claim.") (internal citations omitted); *Pink Lotus Entm't. LLC v.
11 Does 1–46*, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011) (finding doe defendants identified
12 with sufficient specificity where complaint listed IP addresses obtained through geolocation
13 technology).

## II. Previous Steps to Locate Defendant

Plaintiff has identified previous steps taken to locate defendant. Plaintiff used geolocation technology and defendant's IP address to trace defendant's location to within the Northern District of California. Dkt. No. 7-1 (Declaration of Emilie Kennedy) ¶ 5. Plaintiff conducted web searches and consulted with investigators to locate defendant's identity. Dkt. No. 7 at 10. However, plaintiff's attempts to identify defendant's name and address were unsuccessful because only defendant's identified Internet Service Provider, AT&T U-verse has defendant's identifying information. *Id*. 7 at 1. *See* Compl. ¶¶ 5 ("Defendant's Internet Service Provider ('ISP'), AT&T U-verse, can identify Defendant through his or her IP address 104.56.119.158."); 28 ("plaintiff has developed, owns, and operates an infringement detection system, named 'VXN Scan.'"); 7-1 (Declaration of David Williamson) ¶ 78 ("VXN connects with the Maxmind database to determine both the Internet Service Provider that assigned a particular IP address as well as the city and state the IP Address traces to").

### III. Ability to Withstand Motion to Dismiss

To withstand a motion to dismiss on a claim of direct copyright infringement, the plaintiff must (1) "show ownership of the allegedly infringed material" and (2) "demonstrate that the alleged infringer violates at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citing *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007)). A copyright holder has the exclusive rights to reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted work. 17 U.S.C. § 106.

Plaintiff has demonstrated that its copyright claim can withstand a motion to dismiss. Plaintiff alleges that it owns copyrights to the motion pictures allegedly infringed, showing ownership of the allegedly infringed material. Compl. ¶ 46 ("Plaintiff owns the copyrights to the Works and the Works have been registered with the United States Copyright Office."). Moreover, plaintiff has sufficiently demonstrated a violation of at least one of plaintiff's copyrights by alleging defendant "downloaded, copied, and distributed Plaintiff's Works without authorization." *Id.* ¶ 44.

### IV. Likelihood that Discovery Will Lead to Identifying Information

Finally, plaintiff has shown that plaintiff's requested subpoena is reasonably likely to lead to defendant's identifying information. Defendant's internet service provider, AT&T U-verse, will be able to provide defendant's name and address in response to a subpoena. *Id.* ¶ 5.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby **GRANTS** plaintiff's *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f)Conference. Plaintiff may serve a Rule 45 subpoena on AT &T U-Verse to obtain the true name and address of the Doe Defendant listed in plaintiff's complaint. The subpoena must have a copy of this Order attached.

AT&T U-Verse will have 30 days from the date of service upon it to serve each entity or person whose information is sought with a copy of the subpoena and a copy of this Order. AT&T

4

U-Verse may serve Doe defendant using any reasonable means, including written notice to his or her last known address, transmitted either by first-class mail or via overnight service.

The Doe Defendant will have 30 days from the date of service upon him or her to file any applications contesting the subpoena (including an application to quash or modify the subpoena) with this Court. If the Doe defendant does not contest the subpoena within that 30-day period, AT&T U-Verse will have 10 days to produce the information responsive to the subpoena to Plaintiff Strike 3.

AT&T U-Verse must preserve any subpoenaed information pending the resolution of any timely filed application to quash.

AT&T U-Verse must confer with plaintiff and may not assess any charge in advance of providing the information requested in the subpoena. Should AT&T U-Verse elect to charge for the costs of production, it must provide Strike 3 (i) a billing summary and (ii) cost reports that serve as a basis for such billing summary and any costs claimed by AT&T.

Plaintiff Strike 3 must serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

Any information disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting its rights as set forth in its complaint.

**IT IS SO ORDERED**.

Dated: February 10, 2021

SUSAN ILLSTON
United States District Judge